IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ALBERT SMITH, III | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:05cv556 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Albert Smith, III, an inmate confined within the Bureau of Prisons, filed the above-styled motion to vacate, set aside or correct sentence. The Court referred the matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

After appointing counsel to represent movant and conducting an evidentiary hearing, the Magistrate Judge submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in light of the applicable law and the record in this matter.

While movant asserted several ground for review, his objections are focused on three of his grounds for review: (a) the government breached the plea agreement by failing to seek a downward departure based on substantial assistance; (b) the government improperly failed to attempt to have his sentence reduced pursuant to Federal Rule of Criminal Procedure 35(b); and (c) he received ineffective assistance of counsel because counsel failed to object to the Presentence Investigation Report ("PSR") based on counsel's incorrect advice to movant that if he pled guilty to the count two of the First Superseding Indictment, he would only be held responsible for 66.60 grams of cocaine base.

*Failure to Seek Sentence Reduction*

Movant's plea agreement provided that if it was determined he had provided substantial assistance, the government would either file a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines or a motion for reduction of sentence pursuant to Rule 35(b). The plea agreement contained the following sentence: "It is understood that it will be entirely within the sole and exclusive discretion of the United States Attorney's Office for the Eastern District of Texas whether to file such a motion and entirely within the Court's discretion as to what, if any, reduction in sentence Defendant shall receive." Movant states he provided valuable information to the government that was later used to indict and convict another individual. He states that, as a result, the government breached the plea agreement by not attempting to have his sentence reduced.

The Magistrate Judge stated that the government had the discretionary power to attempt to have movant's sentence reduced, subject to two limitations: (1) the refusal to make such a motion may not be based on an unconstitutional motive such as race or religion and (2) the government could bargain away its discretion. The Magistrate Judge concluded that as the government had not bargained away its discretion, and as movant not shown that the refusal to make a motion for sentence reduction was based on an unconstitutional motive, the government had not breached the plea agreement.

In his objections, movant states he provided substantial assistance and participated in numerous debriefings. He also states the government's failure to seek a sentence reduction was based on an unconstitutional motive.

When the government states in a plea agreement that it "will file" a motion for sentence reduction, the government has bargained away its discretion. *United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996). Based on the language from the plea agreement quoted above, however, the government did not bargain away its discretion in this case. As a result, the government's failure to file a motion for sentence reduction would only be considered a breach of the plea agreement if

2

it was based on an unconstitutional motive such as movant's race or religion. Movant states in conclusory fashion that the government acted with an unconstitutional motive. However, he has not identified the improper motive or provided any factual basis for his assertion that the government's failure to file a motion was based on an unconstitutional motive. As a result, movant's objections with respect to this ground for review are without merit.[1]

*Ineffective Assistance of Counsel*

The PSR concluded movant should be held responsible for a total of 346.40 grams of cocaine base. At sentencing, the Court concluded movant was responsible for 312.3 grams of cocaine base. Movant states he thought he was pleading guilty to an offense which only involved 66.6 grams of cocaine base and that counsel erroneously told him he would only be held responsible for 66.6 grams. He states counsel was ineffective for providing him with such advice and for failing to object to his being held responsible for additional drugs.

At the evidentiary hearing, movant stated counsel told him he was pleading guilty to an offense which involved 66.6 grams of cocaine base. Counsel testified that he discussed the Sentencing Guidelines with movant, including the concept of "relevant conduct." He stated movant told him he had discussed multiple drug transactions with government agents and that he told movant that those transactions would be considered relevant conduct and used to calculate his sentence. Counsel stated he never told movant he would only be held responsible for 66.6 grams.

The Magistrate Judge concluded that while it would have been natural for movant to focus on the figure of 66.6 grams, counsel warned him that he would also be held responsible for the drugs involved in the transactions he discussed with the agents. The Magistrate Judge observed that movant never clearly testified counsel told him he would only be held responsible for 66.6 grams or that no additional drug transactions would be considered for sentencing purposes. Accordingly, the Magistrate Judge found counsel did not provide movant with incorrect advise and would have

---

[1] At the sentencing hearing, the prosecutor told the Court that a motion for downward departure was not being made, in part, because movant refused to testify against a co-defendant.

had no basis to object to the amount of cocaine base the court concluded was involved in movant's offense. Counsel's actions therefore did not fall below an objective standard of reasonableness and did not cause movant to suffer prejudice.

In his objections, movant states counsel misled him as to the amount of cocaine base that would be considered relevant conduct. In fact, he asserts counsel never said anything to him about relevant conduct.

After reviewing the transcript of the evidentiary hearing, the Court agrees with the Magistrate Judge's conclusion. While movant never clearly stated counsel told him he would only be held responsible for 66.6 grams of cocaine base, counsel testified he told movant he would be held responsible for additional amounts of drugs involved in other transactions he had described to government agents.

In addition, movant's testimony at the evidentiary hearing is not supported by the record in this matter. At sentencing, movant was held responsible for 312.3 grams of cocaine base. This represented the 66.6 grams attributable to the transaction involved in the First Superseding Indictment and 245.7 grams that were involved in a transaction that occurred on March 6, 2003.[2] During the evidentiary hearing, and throughout the Section 2255 proceeding, movant has maintained he thought he would only be held responsible for 66.6 grams. However, in his fourth objection to the PSR, movant stated that when he entered his plea of guilty, he thought he was only going to be held responsible for 245.5 grams.[3] Further, page 11 of the transcript of movant's sentencing hearing reflects his statement that he thought he had pled guilty to an offense that involved 245 grams. On page 68 of the sentencing transcript, movant states he believed he would not be held responsible for the 66.6 grams. The fact that movant's current statements concerning how many grams of cocaine

---

[2] The PSR recommended that movant also be held responsible for an additional 34.1 grams. However, the Court concluded petitioner was only responsible for 312.3 grams.

[3] Movant's objections to the PSR were somewhat unusual. Rather than being objections prepared by an attorney after consultation with a client, the objections recite that they were set out exactly as movant submitted them to his attorney.

base he thought he would be held responsible for are inconsistent with his statements at the time of sentencing supports the conclusion that counsel's testimony at the evidentiary hearing was credible.

Counsel's testimony concerning the advice he provided movant was straight-forward and clear. In light of counsel's testimony and the inconsistency in movant's statements, the Court is unable to conclude counsel incorrectly advised movant as to the amount of drugs that would be considered in determining his offense level.

*Additional Grounds for Review*

After movant filed his objections, he filed an amended motion to vacate. In his amended motion to vacate, movant asserted two additional grounds for review. First, he stated counsel was ineffective because counsel did not advise him that he would be considered a career offender within the meaning of the United States Sentencing Guidelines. Second, movant states counsel was ineffective for failing to object to the determination that he was a career offender as set forth in 4B1.1 of the Sentencing Guidelines. These additional grounds for review will be considered below.

A one year period of limitations applies to motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. The period of limitations begins to run on the date on which the judgment of conviction becomes final. Movant's direct appeal was dismissed by the Fifth Circuit on September 23, 2004. His conviction therefore became final on December 23, 2004, 90 days later, when the time period for filing a petition for writ of *certiorari* with the Supreme Court expired. As movant did not assert his additional grounds for review until more than seven years later, movant's additional grounds for review were asserted after the applicable period of limitations expired.

However, before concluding that the statute of limitations bars the grounds for review asserted in the amended motion to vacate, it should be considered whether Federal Rule of Civil Procedure 15(c) applies to cause these ground for review to "relate back" to when the original motion to vacate was filed.[4] "An amendment to a pleading relates back to the date of the original

---

[4] Rule 15 applies to motion to vacate proceedings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

5

pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading ...." FED.R.CIV.P. 15(c)(1)(B).

Claims raised in an amended motion to vacate do not automatically relate back merely because they arose out of the same criminal proceeding. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Claims raised in an amended motion do not relate back if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Id*.

The grounds for review asserted in the amended motion to vacate are based on assertions of ineffective assistance of counsel. In his prior pleadings, movant raised two other grounds for review based on ineffective assistance of counsel. All of these grounds for review are based on the contention that movant's rights under the Sixth Amendment to the Constitution were violated. However, new claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance of counsel claims simply because they violate the same constitutional provision. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009). Instead, as set forth above, to determine whether the new grounds for review relate back, the Court must determine whether they are supported by facts that differ in both time and type from those asserted in prior pleadings. *Id*. The standard for determining whether an additional ground for review should relate back may not be satisfied "merely by raising some type of ineffective assistance [claim] in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005).

As set forth above, movant previously asserted trial counsel was ineffective for failing to provide correct advice concerning the amount of cocaine base movant would be held responsible for and failing to object to the amount the PSR calculated was involved in his offense. In his new grounds for review regarding ineffective assistance of counsel, movant asserted counsel was ineffective for failing to provide proper advice concerning whether he would be considered a career offender and failing to object to his being considered a career offender.

6

After considering the applicable legal standard, the Court is of the opinion that movant's new grounds for review do not relate back to his original pleadings. As set forth above, the fact that movant's new grounds for review assert a violation of the Sixth Amendment, as do some of his original grounds for review, is not enough to compel the conclusion that the new grounds for review relate back. Movant's new grounds for review involve the advice counsel provided concerning application of the Sentencing Guidelines, as do the grounds for review he previously asserted. However, movant's new grounds for review are based on different and unrelated parts of the Guidelines. Movant's original grounds for review relating to ineffective assistance of counsel on the part of trial counsel involve the calculation of movant's offense level and the concept of relevant conduct. Factually, these grounds for review are based on drug transactions that occurred relatively close in time to movant's arrest in 2003. In contrast, movant's new grounds for review involve the calculation of his criminal history category and the question of whether a prior offense constituted a controlled substance offense. Further, the new grounds for review concern an event, the prior conviction for delivery of a controlled substance, that occurred in 1995.

Movant's original claims of ineffective assistance of counsel and his new claims concern different and unrelated portions of the Guidelines and they involve events that occurred more than eight years apart. As a result, the new grounds for review are based on facts and legal arguments that differ in "both time and type" from the grounds for review previously asserted. The new grounds for review therefore do not relate back for limitations purposes and consideration of the grounds in this proceeding is barred by the applicable statute of limitations.

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. The grounds for review considered in the Report and Recommendation are without merit. In addition, consideration of the grounds for review movant subsequently sought to assert is barred by the applicable statute of limitations. As a result, a final judgment will be entered denying

this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the merits of the grounds for review considered in the Report and Recommendation are subject to debate among jurists of reason. Nor is the issue of whether movant's new grounds for review are barred by the applicable statute of limitations subject to debate. In addition, the questions raised by movant are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **24** day of **June, 2016.**

_____
Ron Clark, United States District Judge